# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEMETRIOUS STEWART,

    *Petitioner*,

vs.

ROBERT LEGRAND, et al.,

    *Respondents*.

3:13-cv-00210-RCJ-VPC

ORDER

    This is petitioner's second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed through counsel (ECF #18). Before the court is respondents' motion to dismiss (ECF #21). Petitioner opposed the motion (ECF #25), and respondents replied (ECF #26).

**I. Procedural History and Background**

    On April 4, 2005, the State of Nevada filed a criminal complaint charging petitioner with counts 1-13 - sexual assault with a minor under fourteen years of age and count 14 - sexual assault. Exh. 3.[1] On April 18, 2005, the State filed an amended criminal complaint. Exh. 6. On that date, petitioner waived his preliminary hearing and stated his intent to plead guilty to one count of sexual assault with a minor under fourteen years of age and one count of attempted sexual assault. Exh. 5 at 2-3.

    At the continued arraignment date of May 9, 2005, petitioner stated that he was not going to plead guilty. Exh. 2 at 3. Ultimately, on September 5, 2006, the State filed a second amended

---

[1] Exhibits 1-68 were filed with petitioner's first amended petition and may be found at ECF #s 7-10.

information, and a jury trial commenced the same day. Exhs. 21-23, 26, 28. The jury found petitioner guilty of counts 1-21 and 24-26 and not guilty of counts 22, 23 and 27. Exh. 29.

Petitioner was present at sentencing on December 4, 2006, and the State moved the district court to strike counts 2, 4, 6, 8, 11, 13, 15, 17, 19, and 21. Exh. 31. The court imposed the following sentence: counts 1, 3, 5, 7, 9, 10: life with the possibility of parole after twenty years, to run concurrently; counts 12, 14, 16: life with the possibility of parole after twenty years, to run concurrently with each other but consecutive to counts 1, 3, 5, 7, 9, 10; counts 18, and 20: life with the possibility of parole after twenty years, to run concurrently with each other but consecutive to counts 12, 14, 16; and counts 24-26: two to twenty years, to run concurrently with each other but consecutive to all other counts. *Id*. at 17-19. Judgment of conviction was filed on December 19, 2006. Exh. 32.

Petitioner filed a notice of appeal on January 9, 2007, and the Nevada Supreme Court affirmed his convictions on March 31, 2009. Exhs. 34, 41.

On May 28, 2009, petitioner filed a motion to withdraw his attorney of record. Exh. 43. On December 31, 2009, petitioner filed a *pro se* postconviction habeas corpus petition and a motion for appointment of counsel with the state district court. Exhs. 46, 47. Petitioner, through counsel, filed supplemental points and authorities in support of the petition. Exh. 51. On January 28, 2011, the state district court heard argument on the petition. Exh. 54. The state district court denied the petition and filed its written order on April 28, 2011. Exhs. 54, 55. The Nevada Supreme Court affirmed the denial of the state postconviction petition on November 15, 2012, and remittitur issued on February 1, 2013. Exhs. 63, 68.

Petitioner dispatched his federal habeas petition on March 19, 2013 (ECF #2). On July 26, 2013, petitioner filed a counseled, amended petition (ECF #6). On March 3, 2014, petitioner filed a counseled, second amended petition (ECF #18). Respondents now move to partially dismiss the second amended petition on the basis that ground 3 is unexhausted and ground 7 is procedurally barred (ECF #21, pp. 11-14).

## II. Legal Standards

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the

petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### B. Procedural Bar

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### III. Relevant Grounds in the Instant Petition

#### Ground 3

Petitioner alleges that his Sixth and Fourteenth Amendment rights were violated when the trial court committed reversible error by giving an unduly prejudicial jury instruction that corroborating evidence of the victim's testimony is not required to sustain a guilty verdict (ECF #18, pp. 14-15).

Respondents argue that this ground is unexhausted because when this claim was raised on direct appeal, petitioner raised no federal constitutional violation (ECF #21, p. 11).

In his direct appeal, petitioner, through counsel, largely relied on *Ludy v. State*, an Indiana Supreme Court case, and also discussed Alaska and South Dakota cases in support of his contentions that giving the instruction constituted reversible error because the instruction presupposes the witness is a victim, unfairly highlights a particular witness's testimony, is improperly derived from an appellate standard of review and the use of the term "corroborated" may confuse or mislead the jury. Exh. 36 at 13-17, discussing *Ludy v. State*, 784 N.E.2d 459 (Ind. 2003); *Burke v. State*, 624 P.2d 1240 (Alas. 1980); *State v. Grey Owl*, 316 N.W.2d 801, 805 (S.D. 1982). The Nevada Supreme Court considered the heart of the claim to be whether it should overturn *Gaxiola v. State*, 119 P.3d 1225 (2005), in which it upheld a similar jury instruction. Exh. 41 at 7-8.

In his opposition to the motion to dismiss, petitioner discusses *Russell v. Rolfs*, 893 F.2d 1033, 1038–39 (9th Cir.1990), in which the Ninth Circuit held that after the state had convinced the federal court to dismiss unexhausted claims on the ground that the petitioner had an adequate and available remedy, the state could not subsequently argue that the claims were procedurally barred (ECF #25, p. 7). Petitioner claims that by arguing in their motion to dismiss that petitioner has failed to exhaust state remedies, respondents necessarily are representing that available and adequate remedies exist in state court. *Id*. Respondents make no such assertion (ECF #26, pp. 2-3), and this court declines to engage in an "anticipatory default" analysis, which, notably, petitioner admits is a "bit undefined" at present (ECF #25 at 5-6).[2]

Petitioner also urges that he sufficiently presented his federal claim on direct appeal and also that he referenced state caselaw that engaged in a federal constitutional analysis (ECF #25 at 12). At the conclusion of the claim presented in his direct appeal petitioner argues that "[i]n light of the constitutional rights violations invited by the 'uncorroborated testimony' jury instruction, defendant's judgment of conviction must be reversed." Exh. 36 at 17. However, "general appeals to broad

---

[2] Petitioner also notes that he is mainly raising anticipatory default to preserve for appeal the issue regarding what the standard is for gauging how likely it is that a state court will default a claim (ECF #25, p. 6 n.2).

constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). This court concludes that "constitutional rights violations" is even more vague than a general reference to "due process" or "fair trial." Citation to state caselaw that applies federal constitutional principles will suffice to fairly present a federal claim to the state courts. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). But here, despite petitioner's claims to the contrary (ECF #25, p. 2), the state caselaw petitioner cited to on direct appeal fails to articulate any underlying federal constitutional claim. No fair reading of petitioner's direct appeal yields a conclusion that he fairly presented this claim as a federal constitutional claim. As ground 3 of the instant federal petition was raised in petitioner's direct appeal as a state-law claim only, it is unexhausted.

**Ground 7**

Petitioner claims that trial court erred in using the term "victim," which shifted the burden of proof to petitioner because it created a presumption that a crime occurred in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

Respondents argue that ground 7 is procedurally barred (ECF #21, p. 13-14). They state that petitioner first raised this claim in his state postconviction petition and that the Nevada Supreme Court clearly and expressly invoked NRS 34.810 to affirm the denial of the claim because it was reasonably available to be raised on direct appeal and petitioner failed to demonstrate good cause for his failure to do so. *Id.*; Exh. 63 at 5. Respondents contend that this state-law ground is an independent and adequate state law basis that bars this claim from review in this federal habeas proceeding (ECF #21, p. 14).

Under Nevada law, the court shall dismiss a state postconviction petition if petitioner was convicted pursuant to a jury trial and the claim could have been raised in a direct appeal. Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. NRS 34.810(1)(b)(2). Here, the Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the state habeas petition claim that corresponds to ground 7 of the federal habeas petition. Exh. 63 at 5. The Ninth Circuit Court of Appeals has held that, at least in

non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

In opposing the motion to dismiss, petitioner argues that his state postconviction counsel should have raised, along with the substantive habeas claim that the district court's use of the term "victim" was unduly prejudicial, an ineffective assistance of counsel claim due to counsel's failure on direct appeal to raise the substantive claim regarding the court's use of the term "victim" (ECF #25, pp. 12-13). He now asserts that under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), he must have an opportunity to demonstrate cause and prejudice for the default of this claim. Respondents correctly point out, however, that federal ground 7 is a substantive claim and raises neither ineffective assistance of trial counsel nor ineffective assistance of appellate counsel (ECF #26 p. 5). Therefore, *Martinez* and subsequent cases that discuss an equitable exception to the procedural default bar of certain claims of ineffective assistance of trial counsel raised for the first time in collateral proceedings are inapposite.

Accordingly, this court finds that the Nevada Supreme Court's holding that the claim raised here as federal ground 7 was procedurally barred under NRS 34.810(1)(b)(2) was an independent and adequate ground for the court's dismissal of that ground in the state postconviction petition. Thus, the court grants respondents' motion to dismiss ground 7 as procedurally barred.

**IV. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that ground 3 is unexhausted, ground 7 is procedurally barred, and respondents do not move to dismiss any other grounds. Accordingly, this is a "mixed petition," containing both exhausted and unexhausted claims, and petitioner, through counsel, has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

    2.      He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

    3.      He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claim in state court, and to present argument regarding the question whether or not his unexhausted claim is plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to consider the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## V. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss grounds 3 and 7 of petitioner's second amended petition (ECF #21) is **GRANTED** as follows:

1. Ground 3 is **UNEXHAUSTED**.

2. Ground 7 is **PROCEDURALLY BARRED**.

1   **IT IS FURTHER ORDERED** that petitioner, through counsel, shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: This 11th day of February, 2015

_____
UNITED STATES DISTRICT JUDGE